IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Haliron Power, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Fluor Daniel Caribbean, Inc., a subsidiary of Fluor Enterprises, Inc., <br><br> Defendant(s). | Civil Action No.: 6-18-CV-02911-TMC <br><br><br> **JOINT 26(F) REPORT** |

1.  **Rule 26(f) Conference.** The following persons participated in a Rule 26(f) conference which was conducted on November 20, 2018. N. Ward Lambert for Defendant, Fluor Daniel Caribbean, Inc., a subsidiary of Fluor Enterprises, Inc. ("Fluor"), and Thomas E. Dudley, III and Mark A. Bible, Jr. for Plaintiff Haliron Power, LLC ("Haliron").

2.  **Discovery Plan.** The parties propose the following discovery plan:

    (a) Discovery will be needed on all subjects raised by the pleadings, motions and discovery.

    (b) Discovery should not be limited upon or to particular issues.

    (c) The timeline for discovery is as follows:

    (i) On or before **April 22, 2019,** Plaintiff agrees to produce its expert report;

    (ii) On or before **May 24, 2019,** Defendant will produce its expert report;

    (iii) Plaintiff agrees to produce its rebuttal expert report within thirty (30) days of Defendant's expert report production; and

    (iv) All discovery shall be completed by **June 24, 2019**.

    (d) With respect to asserting claims of privilege or of protection as trial-preparation material asserted after production, the parties will proceed under Fed. R. Civ. P. 26(b)(5)B, "Claiming Privilege or Protecting Trial-Preparation Materials."

    (e) Maximum number of interrogatories by each party to another party, including

      subparts: **100**. Additional interrogatories may be allowed either by stipulation or motion for good cause shown.

(f) Maximum number of requests for admission by each party to another party: **Unlimited**.

(g) Maximum number of depositions, including third party depositions, for each party is **10,** not including expert witnesses, records custodian and 30(b)(6) depositions. The parties may agree to extend the length of deposition by stipulation or for good cause shown.

(h) With respect to supplementation of discovery, the parties will generally follow Rule 26(e) of the FRCP, provided that all discovery shall be completed by **June 24, 2019.**

**3.**   **Scheduling Issues.**

(a) Motion to join other parties and amend the pleadings shall be filed no later than **July 8, 2019**.

(b) Counsel shall file and serve Affidavits of Records Custodian witnesses proposed to be presented by affidavit at trial no later than **May 24, 2019.** Objections to such affidavits must be made within 14 days after the services of the disclosure.

(c) The parties agree to complete all expert discovery in accordance with the deadlines set forth in Paragraph 2(c) above.

(d) Unless the parties agree otherwise, all discovery shall be complete don or before **June 24, 2019**.

(e) The parties' final mediation shall occur before **May 1, 2019. However, the parties agree that a mutually acceptable case mediator will be agreed upon and appointed as soon as possible, but no later than December 31, 2018. The parties agree to, in conjunction with the mediator, identify issues and/or claims which are ripe for early mediation and to, in good faith, participate in such early mediation(s) should the parties agree it would be beneficial in an effort to productively and efficiently attempt to resolve issues, claims and/or the entire case as soon as possible;**

(f) All dispositive motions and *Daubert* motions shall be filed on or before **July 8, 2019;**

(g) This case is subject to being called for jury selection and/or trial on or after **October 7, 2019**

## LOCAL RULE 26.03 INFORMATION

1. **Statement of the Facts of the Case:** In late 2017, the United States Army Corps of Engineers ("USACE") awarded a contract to Fluor Daniel Caribbean, Inc. ("FDC") to assist in restoring electric utilities in Puerto Rico. Such restoration efforts were made necessary due to the impacts of Hurricane Irma, a Category 5 storm which past north of Puerto Rico during September, 2017 and Hurricane Maria which made direct landfall on Puerto Rico as a Category 4 storm (the "Storms"). The impact of these Storms was to leave nearly all Puerto Rican residents without power and the Puerto Rican electric utility infrastructure in disrepair. The Puerto Rican Electric Power Authority ("PREPA") electric power grid (the "Power Grid") was adversely impacted by the Storms.

Fluor Entered into multiple subcontract agreements in connection with its performance under its contract with the USACE including a subcontract with Haliron Power, LLC ("Haliron"). Disputes have arisen between FDC and Haliron relating to amounts invoices and/or alleged to be owed to Haliron pursuant to its subcontract.

2. **Fact Witnesses Likely to Be Called and Their Expected Testimony:**

**Plaintiff Haliron**: Discovery has not begun in this action. Subject o its right to supplement its designation of Witnesses, Haliron presently anticipates call the following factual witnesses:

   a. Representatives of Plaintiff, Haliron, including but not limited to the following:

   i.   William Weems – Construction Manager;

   Mr. Weems is expected to testify concerning: (i) Haliron's contract negotiations with Defendant Fluor; (ii) actions during precontract phase; (iii) actions post contract phase; (iv) day to day operations; (v) mobilization; (vi) demobilization; (vii) project submittals; (viii) Haliron project costs.

   ii.  Daniel O'Halloran – Construction Manager

    Mr. O'Halloran is expected to testify concerning: (i) Haliron's contract negotiations with Defendant Fluor; (ii) actions during precontract phase; (iii) actions post contract phase; (iv) day to day operations; (v) mobilization; (vi) demobilization; (vii) project submittals; (viii) Haliron project costs.

    iii. Willy Bruenner – Administration/Clerk

    Mr. Bruenner is expected to testify concerning Haliron project submittals to Defendant Fluor including but not limited to documentation submitted by Haliron to Fluor for the purpose of obtaining payment.

  b. Representatives of Defendant, Fluor, including but not limited to the following:

    i. Eric G. Wilson – Director of Subcontracts
    i. Andrea J. Sickler – Director of Subcontracts
    ii. Terry Watts – Deputy Director of Subcontracts
    iii. D. Greg Bauman – Director of Fluor Government Group
    iv. Anthony W. Simmons – Senior Manager of Subcontracts
    v. Johnathan Partridge – Job Title Currently Unknown
    vi. Jennifer Burgess – FGG Subcontracts
    vii. Amelia Hare – FGG Accounts Payable Representative
    viii. Jamie McClain – Project Manager
    ix. Patrick Brice – Equipment Coordinator

    Representatives of Defendant Fluor are expected to have knowledge and testify related to their respective professional capacities with Fluor as well as their respective roles in project administration as it pertains to Haliron and the project.

  c. Haliron reserves the right to supplement the foregoing list of fact witnesses as discovery in this matter progresses.

**Defendant Fluor:**

  a. Representatives of the Plaintiff, Haliron including, but not limited to, William Weems and Willy Bruenner.

  b. Representatives of Defendant Fluor including, but not limited to the following:

    i. Eric G. Wilson – Director of Subcontracts
    i. Andrea J. Sickler – Director of Subcontracts
    ii. Terry Watts – Deputy Director of Subcontracts
    iii. D. Greg Bauman – Director of Fluor Government Group
    iv. Anthony W. Simmons – Senior Manager of Subcontracts

        Each of the foregoing representatives of FDC will testify regarding their involvement, negotiations, communications and dealings with representatives of Haliron in connection with the subcontract, amounts alleged by Haliron to be owed, deficiencies in the documentations submitted by Haliron in support of said amounts and communications with representatives of the USACE relating to Haliron's invoices.

    c. FDC reserves the right to supplement the foregoing list of fact witnesses as discovery in this matter progresses.

**3.** **Expert Witnesses and Subject Matter (or, if none, the Subject Matter and Field of Expertise as to Experts Likely to Be Offered):**

**Plaintiff Haliron:** To be identified in accordance with the requirements of the Amended Scheduling Order.

**Defendant Fluor:** To be identified in accordance with the requirements of the Amended Scheduling Order.

**4.** **Summary of the Claims or Defenses with Statutory and/or Case Citations Supporting Same:**

The parties' claims and defenses are fully set forth in the pleadings (Complaint, Answer, and motions) previously filed in this matter. However, by virtue of Defendant Flour's motion to transfer venue from state court to this Court, Plaintiff Haliron is in the process of amending its Complaint to include, *inter alia*, federal miller act causes of action. Subject to the right to amend or supplement, the parties summarize their claims as follows:

**Plaintiff Haliron:**

  A. **Plaintiff has pled the following causes of action in its Complaint**

    1. **Breach of Contract.**

    Haliron would respectfully allege and show that, notwithstanding its faithful performance of its obligations under its contract with Defendant Fluor, Fluor breached the terms and conditions of the contract by failing to properly pay Haliron for its performance of work and by breaching the implied covenants and fair dealing of the Contract. See 48 C.F.R. § 52.216-7 et seq. Allowable Cost and Payment;

Prompt Payment of Subcontractors; *Hotel & Motel Holdings, LLC v. BJC Enterprises, LLC*, 414 S.C. 635, 651-52, 780 S.E.2d 263 (App. 2015); *United States v. Savannah River Nuclear Sols., LLC*, Civil Action No. 1:16-cv-00825-JMC, 2017 U.S. Dist. LEXIS 55050 (D.S.C. Apr. 11, 2017).

## 2.  Quantum Meruit.

As an alternative cause of action to Haliron's Breach of Contract claims, Haliron would respectfully allege and show that: (i) at the time of Haliron performing work on the project which is the subject of this litigation, it was understood by Defendant Fluor that Haliron was to be paid for its work; Defendant Fluor specifically requested the work performed by Haliron on the project. Haliron's work was furnished under such circumstances that it was clear that Haliron expected to be paid for the labor and equipment it furnished to the project on behalf of Defendant Fluor; Defendant Fluor will be unjustly enriched if Haliron is not paid for the labor and equipment furnished by and/or on behalf of Haliron to Fluor. *Simpson Plastering, LLC v. Skanska*, Civil Action No. 2:16-3439-RMG, 2017 U.S. Dist. LEXIS 28107 (D.S.C. Feb. 27, 2017).

## 3.  Claim on Payment Bond.

The Miller Act, 40 U.S.C.S. §§ 3131-34, applies to contracts awarded for the construction, alteration, or repair of any public project of the United States Government. *40 U.S.C.S. § 3131(b)*. It requires prime contractors on government construction contracts exceeding $150,000 to post performance bonds, guaranteeing performance of their contractual duties, and payment bonds, guaranteeing payment of their subcontractors. *48 C.F.R. § 28.102*. No action may be commenced later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action. *40 U.S.C.S. § 3133(b)(4)*. <u>See also</u> *United States ex rel. Adams Steel, LLC v. Elkins Contractors, Inc.*, 225 F. Supp. 3d 351 (D.S.C. 2016); *United States ex rel. CBC of Charleston, Inc. v. RCS Corp.*, 366 F. Supp. 2d 332 (D.S.C. 2005).

## 4.  Violation of S.C. Code of Laws Annotated §27-1-15.

Haliron would respectfully allege and show that, notwithstanding its faithful performance of its obligations under its contract with Defendant Fluor, Defendant Fluor failed to properly pay Haliron for its performance of work. Accordingly, Haliron has demanded Defendant Fluor conduct a reasonable investigation into Haliron's claims and release all undisputed payments to Haliron within forty-five (45) days from Defendant Fluor's receipt of Haliron's demands for payment; Haliron contends Defendant Fluor has failed to perform a reasonable investigation of the amounts owed or to pay undisputed amounts to Haliron. *S.C. Code Ann. § 27-1-15*. <u>See also</u> *Carolina Steel Corp. v. Palmetto Bridge Constructors*, 444 F. Supp. 2d 577 (D.S.C. 2006).

**Defendant Fluor**

1. **Failure to State a Claim.** Pursuant to Rule 12(b)(6), Fed. R. Civ. P., a party is entitled to dismissal if the claims asserted against it fail to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.*

2. **Waiver and/or Release.** "Waiver is the voluntary and intentional relinquishment of a known right.  It may be implied from circumstances indicating an intent to waive.  Acts that are inconsistent with the continued assertion of a right may also give rise to a waiver." *Provident Life & Acc. Ins. Co. v. Driver*, 317 S.C. 471, 478, 451 S.E.2d 924, 928–29 (Ct. App. 1994). A release is the relinquishment of a right or claim by the person in whom the right exists to the person against whom it might have been enforced. *Wilson Group, Inc. v. Quorum Health Res., Inc.*, 880 F. Supp. 416, 425 (D.S.C. 1995).

3. **Failure to Satisfy Condition Precedent**. When interpreting a contract, a court must ascertain and give effect to the intention of the parties. *Chan v. Thompson*, 302 S.C. 285, 289, 395 S.E.2d 731, 734 (Ct. App. 1990). To determine the intention of the parties, the court "must first look at the language of the contract…" *C.A.N. Enters., Inc. v. S.C. Health & Hum. Servs. Fin. Comm'n*, 296 S.C. 373, 377, 373 S.E.2d 875, 878 (Ct. App. 1997) (internal citations omitted). When the language of a contract is clear and unambiguous, the determination of the parties' intent is a question of law for the court. *See Hawkins v. Greenwood Dev. Corp.*, 328 S.C. 585, 592, 320 S.E.2d 470, 472 (Ct. App. 1984). A court must enforce an unambiguous contract according to its terms regardless of its wisdom, or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully. *Lindsay v. Lindsay*, 328 S.C. 329, 340, 491 S.E.2d 583, 589 (Ct. App. 1997); *Laser Supply & Servs., Inc. v. Orchard Park Assocs.*, 382 S.C. 326, 334, 676 S.E.2d 139, 143–44 (Ct. App. 2009). "A condition precedent entails something that is essential to a right of action, as opposed to a condition subsequent, which is something relied upon to modify or defat the action." *Worley v. Yarborough Ford, Inc.*, 317 S.C. 206, 210, 452 S.E.2d 622, 624 (Ct. App. 1994). "In contract law, the term connotes any fact other than the lapse of time, which, unless excuse, must exist or occur before a duty of immediate performance arises." *Id.*

*[SIGNATURE PAGE FOLLOWS]*

***JOINTLY SUBMITTED:***

| | |
|---|---|
| /S/ N. Ward Lambert | /S/ Mark A. Bible, Jr. |
| N. Ward Lambert, Fed. Id. No. 5246 | Thomas E. Dudley, III, Fed. Id. No. 5973 |
| Wesley B. Lambert, Fed. Id. No. 11990 | Mark A. Bible, Jr., Fed. Id. No. 12307 |
| HARPER, LAMBERT & BROWN, P.A. | KENISON, DUDLEY, & CRAWFORD, LLC |
| P.O. Box 908 | 704 East McBee Avenue |
| Greenville, SC 29602 | Greenville, SC 29601 |
| (864) 235-5535 | Ph. 864.242.4899 |
| (864) 235-6866 (fax) | Fax 864.242.4844 |
| wlambert@hlblegal.com | dudley@conlaw.com |
| weslambert@hlblegal.com | bible@conlaw.com |
| *Attorneys for Defendant, Fluor Enterprises, Inc.* | *Attorneys for Plaintiff, Haliron Power, LLC* |

December 4, 2018
Greenville, South Carolina