IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Haliron Power, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>Fluor Daniel Caribbean, Inc., a subsidiary of Fluor Enterprises, Inc., Zurich American Insurance Company, Federal Insurance Company, Travelers Casualty and Surety Company, Fidelity and Deposit Company of Maryland, and, Liberty Mutual Insurance Company,<br><br>   Defendants. | Civil Action No.: 6-18-cv-02911-TMC<br><br>**ANSWER OF DEFENDANT FLUOR DANIEL CARIBBEAN, INC. TO AMENDED COMPLAINT** |

COMES NOW Defendant Fluor Daniel Caribbean, Inc. ("**FDC**") answering the Amended Complaint states as follows:

## FOR A FIRST DEFENSE
### (*General Denial*)

1. FDC denies all allegations of the Amended Complaint not specifically admitted herein.

2. Responding to the allegations of Paragraph 1 of the Amended Complaint, FDC admits, upon information and belief, that Haliron Power, LLC ("Haliron") is a limited liability company organized and existing under the laws of the State of Arkansas with its principal place of business located in the State of Arkansas. FDC further admits that at all times pertinent to this action, Haliron conducted business in the Territory of Puerto Rico pursuant to a written contract with FDC. FDC denies the remaining allegations of Paragraph 1 of the Amended Complaint.

3. FDC admits, upon information and belief, the allegations of Paragraph 2 of the Amended Complaint.

4. Responding to the allegations of Paragraph 3 of the Amended Complaint, FDC admits that it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Guaynabo, Puerto Rico. FDC further admits that at all times pertinent to this action, it was transacting business in the Territory of Puerto Rico by virtue of a contractual relationship with the United States Army Corps of Engineers ("USACE"). FDC denies the remaining allegations of Paragraph 3 of the Amended Complaint

5. Responding to the allegations of Paragraph 4 of the Amended Complaint, FDC admits, upon information and belief, that Fluor Enterprises, Inc. ("FEI") is a corporation organized and existing under the laws of the State of California with its principal place of business located in the State of Texas. Further responding to the allegations of Paragraph 4 of the Amended Complaint, FDC admits that FEI is the parent corporation of FDC. FDC denies the remaining allegations of Paragraph 4 of the Amended Complaint.

6. FDC denies the allegations of Paragraph 5 of the Amended Complaint.

7. Responding to the allegations of Paragraph 6 of the Amended Complaint, FDC admits that various Fluor entities perform certain services including engineering, procurement, fabrication, construction and/or maintenance related services on domestic and/or foreign projects. FDC denies the remaining allegations of Paragraph 6 of the Amended Complaint and expressly denies that Fluor entities constitute a global amalgamation of corporate entities/subsidiaries.

8. Responding to the allegations of Paragraphs 7, 8, 9, 10 and 11 of the Amended Complaint, FDC admits that Zurich American Insurance Company, Federal Insurance Company, Travelers Casualty and Surety Company, Fidelity and Deposit Company of Maryland and Liberty

Mutual Insurance Company (collectively referred to herein as the "Sureties"), as sureties, issued one or more payment bonds, with FEI as principal, in connection with the Prime Contract between FDC and the USACE (the "Bonds"). FDC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 7, 8, 9, 10 and 11 of the Amended Complaint and, therefore, denies the same.

9.     Responding to the allegations of Paragraphs 12 and 13 of the Amended Complaint, FDC admits that jurisdiction over the parties and subject matter as well as venue are proper in the United States District Court, District of South Carolina, Greenville Division.

10.    FDC admits, upon information and belief, the allegations of Paragraph 14 of the Amended Complaint.

11.    Responding to the allegations of Paragraph 15 of the Amended Complaint, FDC admits that a substantial portion of the Puerto Rico Electric Power Authority ("**PREPA**") electric power grid (the "**Power Grid**") was impacted by Hurricanes Irma and Maria (the "**Storms**"). FDC lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 15 and, therefore, denies the same.

12.    Responding to the allegations of Paragraph 16 of the Amended Complaint, FDC admits that as a result of the residual effects and impacts that the Storms had on the Territory of Puerto Rico, PREPA in connection with the Federal Emergency Management Association ("**FEMA**") began various efforts to assist Puerto Rico and its residents in disaster recovery. FDC further admits that in connection with those efforts, the USACE contracted with FDC to assist in restoring electric utilities in Puerto Rico. FDC denies the remaining allegations of Paragraph 16 of the Amended Complaint.

13. Responding to the allegations of Paragraph 17 of the Amended Complaint, FDC admits that it entered into a contract with the USACE (the "**Prime Contract**") in support of work to restore power to the PREPA power grid (the "**Project**"). FDC denies the remaining allegations of Paragraph 17 of the Amended Complaint.

14. Responding to the allegations of Paragraph 18 of the Amended Complaint, FDC admits, upon information and belief, that USACE entered into multiple contracts in support of efforts to restore power to the PREPA power grid. FDC denies the remaining allegations of Paragraph 18 of the Amended Complaint.

15. Responding to the allegations of Paragraph 19 of the Amended Complaint, FDC admits that it entered into multiple subcontract agreements with various subcontractors, including Haliron, in connection with FDC's performance pursuant to the Prime Contract. FDC denies the remaining allegations of Paragraph 19 of the Amended Complaint.

16. FDC denies the allegations of Paragraph 20 of the Amended Complaint.

17. Responding to the allegations of Paragraph 21 of the Amended Complaint, FDC admits that in connection with FDC's performance pursuant to the Prime Contract it entered into a subcontract agreement with Haliron, the terms of which speak for themselves. FDC denies the remaining allegations of Paragraph 21 of the Amended Complaint.

18. Responding to the allegations of Paragraph 22 of the Amended Complaint, FDC admits that it entered into a subcontract agreement (the "**Subcontract**") with Haliron on or about January 8, 2018, the terms of which speak for themselves, and that portions of the Subcontract are attached as Exhibit A to the Amended Complaint. FDC denies the remaining allegations of Paragraph 22 of the Amended Complaint.

19.     Responding to the allegations of Paragraph 23 of the Amended Complaint, FDC craves reference to the Subcontract terms which speak for themselves.  FDC denies all allegations of Paragraph 23 to the extent inconsistent with the terms of the Subcontract.

20.     Responding to the allegations of Paragraph 24 of the Amended Complaint, FDC denies that it directed or recommended Haliron to factor its accounts receivable or to use a factoring company.  FDC admits that it allowed Haliron to assign to LSQ Funding Group, L.C. ("LSQ") the remittance of payment as of January 15, 2018 per the written requests of Haliron and LSQ.  FDC lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 24 of the Amended Complaint and, therefore, denies the same.

21.     Responding to the allegations of Paragraph 25 of the Amended Complaint, FDC admits that it allowed Haliron to assign to LSQ the remittance of payment as of January 15, 2018 per the written requests of Haliron and LSQ.  FDC denies the remaining allegations of Paragraph 25 of the Amended Complaint.

22.     Responding to the allegations of Paragraph 26 of the Amended Complaint, FDC admits, upon information and belief, that Haliron contracted with lower tier subcontractors in connection with the performance of its work under the Subcontract.  FDC lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 26 of the Amended Complaint and, therefore, denies the same.

23.     Responding to the allegations of Paragraph 27 of the Amended Complaint, FDC craves reference to the terms of the Subcontract the terms of which speak for themselves.  FDC denies all allegations of Paragraph 27 to the extent inconsistent with the terms of the Subcontract. FDC further denies that Haliron mobilized its equipment or forces as requested by FDC and in accordance with the applicable requirements of the Subcontract.

24. Responding to the allegations of Paragraph 28 of the Amended Complaint, FDC craves reference to the terms of the Subcontract the terms of which speak for themselves. FDC denies all allegations of Paragraph 28 to the extent inconsistent with the terms of the Subcontract. FDC further denies that Haliron mobilized its equipment or forces as requested by FDC and in accordance with the applicable requirements of the Subcontract.

25. FDC denies the allegations of Paragraph 29 of the Amended Complaint.

26. FDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Amended Complaint and, therefore, denies the same.

27. FDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Amended Complaint and, therefore, denies the same.

28. FDC denies the allegations of Paragraphs 32 and 33 of the Amended Complaint.

29. FDC denies the allegations of Paragraph 34 of the Amended Complaint.

30. FDC denies the allegations of Paragraph 35 of the Amended Complaint.

31. Responding to the allegations of Paragraph 36 of the Amended Complaint, FDC admits that Haliron performed certain work contemplated in the Subcontract. FDC denies the remaining allegations of Paragraph 36 of the Amended Complaint.

32. FDC admits the allegations of Paragraph 37 of the Amended Complaint.

33. Responding to the allegations of Paragraph 38 of the Amended Complaint, FDC admits that work orders were provided to subcontractors to assist in the tracking and monitoring of costs to be submitted for reimbursement, including costs submitted by Haliron for reimbursement. FDC denies the remaining allegations of Paragraph 38 of the Amended Complaint.

34. FDC denies the allegations of Paragraphs 39, 40, 41, 42, 43, 44 and 45 of the Amended Complaint.

35. Responding to the allegations of Paragraph 46 of the Amended Complaint, FDC admits that Haliron provided certain labor and certain equipment pursuant to its Subcontract. FDC denies the remaining allegations of Paragraph 46 of the Amended Complaint.

36. Responding to the allegations of Paragraph 47 of the Amended Complaint, FDC admits that invoices and associated documents have been received from Haliron relating to the Project but denies that such invoices and documents have complied with the requirements of the Subcontract. FDC denies the remaining allegations of Paragraph 47 of the Amended Complaint.

37. Responding to the allegations of Paragraph 48 of the Amended Complaint, FDC admits that invoices and associated documents received from Haliron have not complied with the requirements of the Subcontract such that FDC has, with proper cause and justification and in accordance with the requirements of the Subcontract, refused to make payment for such invoices. FDC denies the remaining allegations of Paragraph 48 of the Amended Complaint.

38. In response to the allegations of Paragraphs 49 and 50 of the Amended Complaint, FDC admits that Haliron has repeatedly requested assistance from FDC in connection with Haliron's failures to provide invoices and associated documents which comply with the requirements of the Subcontract, and FDC has repeatedly attempted in good faith to educate and assist Haliron to provide invoices and supporting documentation which complies with the requirements of the Subcontract. FDC denies the remaining allegations of Paragraphs 49 and 50 of the Amended Complaint.

39. Responding to the allegations of Paragraph 51 of the Amended Complaint, FDC admits that it has received certain demands for payment from Haliron, which are attached as

Exhibit B to the Amended Complaint, and that certain of the demands for payment were withdrawn by Haliron. FDC expressly denies that it has failed to respond to any demand for payment, which was not withdrawn by Haliron, in a timely manner. FDC denies the remaining allegations of Paragraph 51 of the Amended Complaint.

40. Responding to the allegations of Paragraph 52 of the Amended Complaint, FDC admits that it issued a payment in the amount of $3,560,302.79 in good faith and that Haliron withdrew a prior demand for payment. FDC lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 52 of the Amended Complaint and, therefore, denies the same.

41. Responding to the allegations of Paragraph 53 of the Amended Complaint, FDC admits that it received the August 20, 2018 letter included in Exhibit B of the Amended Complaint and that it timely responded to the same. FDC denies the remaining allegations of Paragraph 53 of the Amended Complaint.

42. Responding to the allegations of Paragraph 54 of the Amended Complaint, FDC admits that it issued a payment in the amount of $4,422,858.15 in good faith. FDC denies the remaining allegations of Paragraph 54 of the Amended Complaint.

43. Responding to the allegations of Paragraphs 55, 56, 57 and 58 of the Amended Complaint, FDC admits that it has, with proper cause and justification, been unable to submit certain amounts invoiced by Haliron to the USACE for reimbursement due to inadequacies, deficiencies and lack of required supporting documentation from Haliron. FDC denies the remaining allegations of Paragraphs 55, 56, 57 and 58 of the Amended Complaint.

44. FDC denies the allegations of Paragraph 59 of the Amended Complaint.

45. FDC denies the allegations of Paragraph 60 of the Amended Complaint.

46. FDC denies the allegations of Paragraph 61 of the Amended Complaint.

47. Responding to the allegations of Paragraph 62 of the Amended Complaint, FDC incorporates its admissions, denials and responses set forth herein.

48. Responding to the allegations of Paragraph 63 of the Amended Complaint, FDC admits that FDC and Haliron entered into the Subcontract wherein Haliron agreed to supply "available and competent labor, supervision, tools, equipment, consumable materials, services and each and every item of expense necessary to perform electric distribution and transmission construction services as directed on the PREPA power grid" and that Exhibit A to the Amended Complaint includes portions of the Subcontract. FDC denies the remaining allegations of Paragraph 63 of the Amended Complaint.

49. Responding to the allegations of Paragraph 64 of the Amended Complaint, FDC admits that Haliron has performed certain work pursuant to the Subcontract. FDC denies the remaining allegations of Paragraph 64 of the Amended Complaint.

50. Responding to the allegations of Paragraph 65 of the Amended Complaint, FDC admits that Haliron has invoiced FDC for certain amounts but has failed to do so in compliance with the requirements of the Subcontract, precluding FDC from submitting such invoices to USACE for reimbursement. FDC denies the remaining allegations of Paragraph 65 of the Amended Complaint.

51. Responding to the allegations of Paragraph 66 of the Amended Complaint, FDC admits that Haliron performed certain work as contemplated in the Subcontract. FDC denies the remaining allegations of Paragraph 66 of the Amended Complaint.

52. FDC denies the allegations of Paragraph 67 of the Amended Complaint.

53. FDC denies the allegations of Paragraph 68 of the Amended Complaint.

54. FDC denies the allegations of Paragraph 69 of the Amended Complaint.

55. FDC denies the allegations of Paragraph 70 of the Amended Complaint.

56. Responding to the allegations of Paragraph 71 of the Amended Complaint, FDC incorporates its admissions, denials and responses set forth herein.

57. Responding to the allegations of Paragraph 72 of the Amended Complaint, FDC admits that Haliron performed certain work pursuant to the Subcontract. FDC denies the remaining allegations of Paragraph 72 of the Amended Complaint.

58. FDC denies the allegations of Paragraph 73 of the Amended Complaint.

59. Responding to the allegations of Paragraph 74 of the Amended Complaint, FDC admits that pursuant to the Subcontract a condition precedent to FDC's obligation to make payment to Haliron is its proper submission of invoices and associated documents in full compliance with requirements of the Subcontract and that, to date, Haliron has failed to comply with the requirements of the Subcontract relating to certain amounts invoiced to FDC. FDC denies the remaining allegations of Paragraph 74 of the Amended Complaint.

60. FDC denies the allegations of Paragraph 75 of the Amended Complaint.

61. FDC denies the allegations of Paragraph 76 of the Amended Complaint.

62. FDC denies the allegations of Paragraph 77 of the Amended Complaint.

63. FDC denies the allegations of Paragraph 78 of the Amended Complaint.

64. Responding to the allegations of Paragraph 79 of the Amended Complaint, FDC incorporates its admissions, denials and responses set forth herein.

65. FDC lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 80 of the Amended Complaint and, therefore, denies the same.

66.     Responding to the allegations of Paragraph 81 of the Amended Complaint, FDC admits that it entered into the Prime Contract with USACE.  FDC denies the remaining allegations of Paragraph 81 of the Amended Complaint.

67.     Responding to the allegations of Paragraph 82 of the Amended Complaint, FDC admits the Project relates to the efforts of PREPA in connection with FEMA to assist Puerto Rico and its residents in disaster recovery in connection with the Storms.  FDC denies the remaining allegations of Paragraph 82 of the Amended Complaint.

68.     Responding to the allegations of Paragraph 83 of the Amended Complaint, FDC admits that the Sureties provided the Bonds in connection with the Prime Contract, a copy of the Bonds is attached as Exhibit C to the Amended Complaint, and the terms of the Bonds speak for themselves.  FDC denies the remaining allegations of Paragraph 83 of the Amended Complaint.

69.     Responding to the allegations of Paragraph 84 of the Amended Complaint, FDC craves reference to the terms of the Bonds and denies all allegations of Paragraph 84 inconsistent therewith.

70.     Responding to the allegations of Paragraphs 85 and 86 of the Amended Complaint, FDC admits that it timely provided a copy of the Bonds to Haliron after Haliron's request for the same.  FDC denies the remaining allegations of Paragraphs 85 and 86 of the Amended Complaint.

71.     Responding to the allegations of Paragraph 87 of the Amended Complaint, FDC admits that it entered into the Subcontract with Haliron and that, upon information and belief, Haliron entered into subcontract agreements with its subcontractors.  FDC denies the remaining allegations of Paragraph 87 of the Amended Complaint.

72. Responding to the allegations of Paragraph 88 of the Amended Complaint, FDC admits that Haliron has provided certain labor and equipment pursuant to the Subcontract. FDC denies the remaining allegations of Paragraph 88 of the Amended Complaint.

73. FDC denies the allegations of Paragraph 89 of the Amended Complaint.

74. Responding to the allegations of Paragraph 90 of the Amended Complaint, FDC admits that Haliron withdrew its June 22, 2018 demand letter and that it received Haliron's August 20, 2018 demand, to which FDC responded. FDC denies the remaining allegations of Paragraph 90 of the Amended Complaint.

75. FDC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Amended Complaint and, therefore, denies the same.

76. FDC admits the allegations of Paragraph 92 of the Amended Complaint.

77. Responding to the allegations of Paragraph 93 of the Amended Complaint, FDC admits that less than one year has lapsed since receipt of Haliron's August 20, 2018 letter and further admits that certain amounts have been invoiced by Haliron which, with proper cause and justification and in compliance with the terms of the Subcontract, FDC has not made payment. FDC denies the remaining allegations of Paragraph 93 of the Amended Complaint.

78. Responding to the allegations of Paragraph 94 of the Amended Complaint, FDC admits that Haliron has ceased performance of work under the Subcontract. FDC denies the remaining allegations of Paragraph 94 of the Amended Complaint.

79. Responding to the allegations of Paragraph 95 of the Amended Complaint, FDC admits that Haliron has invoiced certain amounts pursuant to the Subcontract which, to date, FDC has, with proper cause and justification and in compliance with the requirements of the

Subcontract, been unable to submit to the USACE for reimbursement. FDC denies the remaining allegations of Paragraph 95 of the Amended Complaint.

80.     FDC denies the allegations of Paragraph 96 of the Amended Complaint.

81.     FDC denies the allegations of Paragraph 97 of the Amended Complaint.

82.     Responding to the allegations of Paragraph 98 of the Amended Complaint, FDC incorporates its admissions, denials and responses set forth herein.

83.     Responding to the allegations of Paragraph 99 of the Amended Complaint, FDC admits that it received letters dated June 22, 2018 and August 20, 2018 from Haliron. FDC further admits that the June 22, 2018 letter was withdrawn by Haliron. FDC denies the remaining allegations of Paragraph 99 of the Amended Complaint.

84.     Responding to the allegations of Paragraph 100 of the Amended Complaint, FDC craves reference to Haliron's June 22, 2018 and August 20, 2018 letters and denies all allegations inconsistent therewith. In further response to Paragraph 100, FDC avers that it has, at all times, conducted a diligent, fair and reasonable investigation of all amounts invoiced by Haliron and/or claimed to be due. FDC denies the remaining allegations of Paragraph 100 of the Amended Complaint.

85.     Responding to the allegations of Paragraph 101 of the Amended Complaint, FDC admits that on or about June 22, 2018, in good faith, FDC released a partial payment to Haliron and that Haliron rescinded its June 22, 2018 letter. FDC lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 101 of the Amended Complaint and, therefore, denies the same.

86.     Responding to the allegations of Paragraph 102 of the Amended Complaint, FDC admits that Haliron continues to fail and refuse to correct deficiencies in its invoices and associated

backup documentation, despite FDC's good faith efforts to assist Haliron in identifying and/or correcting said deficiencies. FDC further admits receipt of Haliron's August 20, 2018 letter, to which FDC has responded. FDC denies the remaining allegations of Paragraph 102 of the Amended Complaint.

87.     Responding to the allegations of Paragraph 103 of the Amended Complaint, FDC admits that, on or about January 10, 2019, in good faith, FDC released a partial payment to Haliron in the amount of $4,422,858.15. FDC denies the remaining allegations of Paragraph 103 of the Amended Complaint.

88.     Responding to the allegations of Paragraph 104 of the Amended Complaint, FDC admits that it has, with proper cause and justification and in accordance with the requirements of the Subcontract, refused to make payment of certain amounts invoiced by Haliron. FDC denies the remaining allegations of Paragraph 104 of the Amended Complaint.

89.     FDC denies the allegations of Paragraph 105 of the Amended Complaint.

## FOR A SECOND DEFENSE
### (*Failure to State a Claim*)

90.     FDC incorporates its admissions, denials and responses set forth herein.

91.     The Amended Complaint fails to state facts sufficient to constitute a claim against FDC.

## FOR A THIRD DEFENSE
### (*Unclean Hands*)

92.     FDC incorporates its admissions, denials and responses set forth herein.

93.     With respect to Haliron's claims and causes of action for quantum meruit and unjust enrichment, Haliron's claims are barred under the doctrines of unclean hands, laches, waiver

and/or estoppel. In addition, such claims are barred since Haliron and FDC entered into the Subcontract, which governs the right, duties and obligations of the parties.

## FOR A FOURTH DEFENSE
*(Waiver and/or Release)*

94. FDC incorporates its admissions, denials and responses set forth herein.

95. Plaintiff's claims, in whole or in part, have been waived and/or released by Haliron.

## FOR A FIFTH DEFENSE
*(Failure To Satisfy Conditions Precedent)*

96. FDC incorporates its admissions, denials and responses set forth herein.

97. Plaintiff's claims are barred, in whole or in part, by its failure to comply with conditions precedent to FDC's obligation to make payment as set forth in the Subcontract including, but not limited to, Contract Part II, Sections 1.1, 1.2, 1.3, 1.4, 5.2, 5.4, 5.5, 6.1.1, 6.1.2, 7.5, 7.6, 7.7, 7.8; Part III, Sections 18.0, 40.0 and 43.0.

FDC reserves its right to amend its Answer to assert additional defenses as may be determined to apply to the Plaintiff's claims.

WHEREFORE, having fully answered the Amended Complaint herein, FDC prays as follows:

1. That all claims asserted against FDC be dismissed, with prejudice;

2. In the alternative, that FDC be awarded judgment in its favor on all claims asserted against it by Haliron;

3. That FDC be awarded its costs and expenses incurred in the defense of this action; and

4. For such other and further relief as this court deems just and proper.

s/ N. Ward Lambert
N. Ward Lambert, Fed. ID No. 5246
Calvin T. Vick, Jr., Fed. ID No. 9502
Wesley B. Lambert, Fed. ID No. 11990
HARPER, LAMBERT & BROWN, P.A.
201 W. McBee Ave., Suite 450 (29601)
P.O. Box 908
Greenville, SC 29602
PH: (864) 235-5535
FX: (864) 235-6866
wlambert@hlblegal.com
tvick@hlblegal.com
weslambert@hlblegal.com

*Attorneys for Defendant, Fluor Daniel Caribbean, Inc.*

February 21, 2019
Greenville, South Carolina